(91 N. W. Rep. 67.)

---

JAMES E. WISNER *vs.* WILLIAM H. FIELD.

---

**Partner—Compensation—Agreement.**

In this state a partner is not entitled to any compensation for services in the regular course of the partnership work, in the absence of an express contract therefor, or in the absence of conduct on the part of the partners, or of a course of dealing between partners, from which it can be fairly and justly implied that it was the understanding between them that compensation was to be given when unequal or unusual services were performed.

**Judgment Affirmed.**

The evidence examined, and it is *held* that the plaintiffs are not entitled to compensation under the facts shown.

Appeal from District Court, Ransom County; *Lauder,* J.

Action by James E. Wisner and Clarence B. Wisner against William H. Field. Judgment for defendant, and plaintiffs appeal. Affirmed.

*C. W. Buttz, T. A. Curtiss, (Ball, Watson & Maclay,* of counsel), for appellants

*P. H. Rourke* and *Alfred M. Kvello,* for respondent.

MORGAN, J. In June, 1882, plaintiff and defendant entered into and executed the following contract, viz.: "The following agreemen is made and entered into this first day of June, 1882, between William H. Field, of Port Chester, N. Y., and James E. Wisner, of Lisbon, Dakota. The said Field now holds seven contracts for

land with the Northern Pacific Railroad Company, bearing date April 26th, 1882, and numbered as follows and for the following sections of land: * * * It is hereby mutually agreed between the said W. H. Field and Jas. E. Wisner that all payments that have been made or shall be made on the above contracts shall be paid equally by both parties, and all proceeds of the sales of the lands represented in these contracts shall be divided equally between the said parties to this agreement. Wm. H. Field, James E. Wisner."

The plaintiffs bring this action for a dissolution of the partnership created by such agreement, and ask for an accounting between them and the defendant of all matters growing out of their relations under such contract of copartnership. The facts were all stipulated at the trial and, so far as material for a determination of the single issue involved, are as follows: That plaintiff J. E. Wisner and defendant are, and ever since the execution of the contract in June, 1882, have been, copartners for the purpose of the sale of the lands described in said contract, and have done business under the firm name and style of Field & Wisner; that the number of acres of land embraced in said contract was 3,120 acres; that the title to said lands was, by express agreement, to remain in said Field; that all of the purchase money of said lands was paid, by said Field alone, to said Northern Pacific Railroad Company, amounting in all to over $4,000. The following facts were also stipulated at the trial: "That, to secure the defendant for the money so advanced for the payment of Wisner's interest in said lands, the plaintiff J. E. Wisner executed and delivered to the defendant his promissory note, in writing, dated on the 21st day of January, 1884, for the sum of $2,053.25, with interest at the rate of 8 per cent. per annum, with the express understanding and agreement that defendant should take the title to said lands in his own name and, out of Wisner's share of the proceeds arising from the sale, reimburse himself for the money so advanced and interest thereon, as evidenced by said note; that said note has not been paid, nor any part thereof, except in so far as the plaintiff J. E. Wisner's one-half (½) of the proceeds collected by him and remitted to the defendant William H. Field shall be applied thereon." The district court found as a fact that no part of said note had been paid when the suit was commenced. It was further stipulated that "there is no contract, understanding, or agreement, written or verbal, between the parties hereto or any of them, that the plaintiff J. E. Wisner or his coplaintiff, Clarence B. Wisner, was to have, receive, or retain any compensation whatever for the care, custody, sale, or disposal of said lands, or any part thereof, or for the collection of any moneys growing due thereon; that nothing was ever said between the plaintiff and defendant, or either of the plaintiffs, relative to a commission or compensation for the sale, or any services rendered in relation to said lands, or for the collection of any money becoming due theron, until about the month of March, 1900, when the plaintiff J. E. Wisner wrote the defendant, William H. Field, that he

expected and would claim a commission on the sale of said lands, to which letter the defendant, William H. Field, made no reply." "That the plaintiff Clarence B. Wisner acquired by contract assignment January 6th, 1898, from the plaintiff J. E. Wisner, all the right, title, and interest and liabilities of the plaintiff J. E. Wisner, but with full knowledge of all the facts relative to the relation, dealings, and contract between the plaintiff J. E. Wisner and the defendant, William H. Field." It is also found by the court that J. E. Wisner has at all times since 1882 had the sole management, control, and sale of said lands; that he sold and disposed of the whole thereof upon contracts either for cash or on the crop payment plan; and that he made all the collections, and looked after the business generally.

The complaint in the action stated a cause of action for a dissolution of the partnership, and asked for a dissolution thereof and for an accounting of all partnership transactions. In the answer the defendant interposed a general denial of the allegations of the complaint, and also pleads a counterclaim; and also asked for an accounting, and for a dissolution of the partnership. The trial court found that the plaintiff J. E. Wisner is indebted to the defendant on the transactions growing out of the partnership in the sum of $1,392.23, after allowing thereon credit for all moneys remitted by the plaintiffs to the defendant, and giving them credit for all their interest in the partnership property not disposed of at the time of the commencement of the action. Judgment was entered against the plaintiff James E. Wisner, upon such finding, for said amount, and for costs against both plaintiffs. The plaintiffs appeal from such judgment and demand a retrial of all the issues in the case in this court.

The case was submitted for a decision by the district court upon an agreed statement of facts, and is to be determined here upon the same facts. In such statement it is stipulated that the sole question for decision is the question whether the plaintiffs are entitled to compensation for the sale of the lands described and for the collection of the moneys due on such sales. It is agreed that a partnership between the two parties existed and that the partnership agreement was in writing. It is also agreed that there was no express agreement, written or oral, that Wisner should receive compensation for his services. Neither is it claimed that there was an express agreement that Wisner was to have the sole charge of the sales or the collections to be made after sales. Under the written partnership agreement, the partners were to share qually in the burdens and in the profits of the partnership. Nothing is therein expressed as to the duties or services to be performed by either. There is no claim of any express agreement between these parties, after executing the partnership articles, in refernce to the duties to be performed by Wisner or as to compensation for any services performed by him in furthering the interests of the partnership. From the year 1882 until the year 1900 the subjects of compensation and commissions were not mentioned by either in carrying out the purposes of the

partnership. At frequent intervals during this time Wisner sent to Field, at his home in New York, money due him on matters in which the firm was jointly interested, and not until March, 1900, did Wisner mention the subject of commissions on sales and collections, and when he did mention that subject he simply said that he "expected and would claim a commission on the sale of said lands." The plaintiffs contend that the circumstances of this case are so peculiar and unusual that it will be implied therefrom that it was the intention and understanding of the parties that Wisner was to be compensated for his services on behalf of the partnership. The defendant contends that the law, as defined by section 4382, Rev. Codes, applies. This section is a declaration of the common law on that subject, and provides that "a partner is not entitled to any compensation for services rendered by him to the partnership." This may be said to be the general rule governing compensation among partners in partnership transactions. But this rule is not without well-defined exceptions. Among such exceptions are the following: That compensation may be provided to be paid a partner by express contract to that effect between the partners. Another exception is: If the conduct of the partners, and their course of dealing in reference to the partnership, are such that it may be fairly and justly implied from such conduct, course of dealing, or situation of the partners, that it was the understanding between them that compensation was to be given to a partner, then such compensation should be allowed. *Caldwell* v. *Lieber,* 7 Paige, 480; *Paine* v. *Thacher,* 25 Wend. 450; Story, Partn. § 182; *Lewis* v. *Moffett,* 11 Ill. 392; *Griggs* v. *Clark,* 23 Cal. 427; *Cramer* v. *Bachman,* 68 Mo. 310; *Major* v. *Todd,* (Mich.) 47 N. W. Rep. 841; 1 Lindl. Partn., p. 380. Authorities could be cited further to sustain this general principle, but nothing would be gained by so doing, as such rule is well established. The supreme court of Iowa, in speaking of this rule, said: "But, like many general rules, experience has shown by the application of the same reasoning that the rule is not inflexible. That is to say, if an agreement that the partner shall be paid for his services can be fairly and justly implied from the course of business between the copartners, he is entitled to recover. The question is one of evidence or contract and, whether the right to recover is established by necessary implication or from express stipulation, the rule is the same." *Levi* v. *Karrick,* 13 Iowa, 350. In this case the partnership was entered into under a written contract entirely silent upon the question of compensation and entirely silent upon the question as to the person by whom the sale of the lands was to be made. The terms of such contract are explicit, and there is no possible construction to be placed upon it that would give Wisner the right to compensation for services. It is also stipulated as a fact that there was no express agreement for compensation at the time that the partnership was formed, nor was anything said concerning the same, since that time, by either of the partners, until in March, 1900. Under such a state

of facts, can it be justly and fairly implied that it was the understanding between these partners, in 1882, that Wisner was to derive any benefit out of the partnership by way of compensation in addition to the expected profits of the concern? If not then understood that he was to be compensated, and no new understanding has arisen by contract or conduct and dealing since, the court cannot equalize the benefits nor adjust them to correspond with the relative services performed by each. In other words, unless the parties intended, by express or implied agreement, that Wisner was to be paid for sales and collections, the court should not do that which the parties themselves have not done; that is, make provision for compensation for Wisner. He simply did what was for his interest when he performed the services. He was not requested to perform them by Field. It does not appear how much of his time the performance of such servics occupied, but the sale of 3,120 acres of land and the collection of the price, when the sales were made under the crop-payment plan, could not have taken but a comparatively small portion of his time during these 18 years. The fact that Field was a resident of New York was known to Wisner when he executed the contract, and that fact must have been considered at that time. Wisner was permitted by Field to engage in a profitable venture without investing any money at that time, and at a rate of interest that was very reasonable in those days. Field advanced all the money for the taxes during all these years, although such sums were charged to Wisner's account. Hence there were concessions on the part of Field, although the partnership was, as a matter of law, joint and equal in all respects. It is entirely probable that these matters were duly considered when the partnership was formed. Wisner has remitted money to Field and has been in correspondence with him during these years; and not an intimation has ever been made by him that it was the understanding that he should be compensated, until the letter mentioned in the finding was written in 1900. His contention now, that he is entitled to be paid out of the partnership proceeds for his services, is not supported by the facts, and it might truthfully be said that his conduct tends to show that such claim is made to offset a shortage due from him to his partner. We find no case in which it has been held that a mere inequality of services by partners is alone ground for compensating the one doing the greater part of the work, in the absence of an agreement, express or implied.

Our conclusion is that the plaintiffs have failed to show that it was the intention of these partners, either express or implied, that Wisner should receive anything more than his equal share of the profits of the firm.

It follows that the judgment must be affirmed. All concur.