# Richmond.

SCOTT v. BOYD.

December 11, 1902.

1. CONTINUANCE—*Discretion.*—A motion for a continuance is always addressed to the sound discretion of the court under all the circumstances of the case, and its rulings thereon will not be reversed by the appellate court unless plainly erroneous.

2 CONTINUANCE—*Absence of Witness—Cumulative Evidence.*—The absence of a witness whose evidence is merely cumulative is generally no ground for a continuance, and if a continuance has been granted on the ground of the absence of a material witness, and it is afterwards discovered, during the term, that the same facts can be proved by another witness who is present, it is not error to set aside the order of continuance and proceed with the trial of the case.

3. INSTRUCTIONS—*Conformity to Pleadings and Proof.*—Where a defendant in his plea alleges an express contract as a defence to the action, and in his evidence maintains that the contract was in writing, and there is no evidence tending to prove a parol contract, he cannot complain of an instruction by the court telling the jury that the contract must be in writing to be available as a defence. The instruction simply limits the enquiry to his own theory of the evidence.

4 INSTRUCTIONS—*Correct, But Given for Erroneous Reasons.*—A correct instruction which the trial court was induced to give through a misconception of the law on a particular point, cannot vitiate the verdict found in accordance therewith.

5. INSTRUCTIONS—*Questions Not Within Pleadings and Proof.*—It is error to instruct upon a question not embraced by the pleadings or proof. Although false statements may have induced the contract in suit. they cannot be made available unless put in issue by the pleadings.

6. FALSE REPRESENTATIONS—*Facts—Materiality—Fraud—Issues Made by Pleadings.*—In order to entitle a party to relief from liability on a

contract by reason of statements or representations made by the other party to the contract, either by way of rescission or in damages for its breach, the matter relied on must be within the pleadings, and the statement or representation must either have been of a material existing fact, as distinguished from a mere matter of opinion, expectation, or declaration of intention, or must be alleged and proved to have been made fraudulently, with intent to deceive or mislead.

7. PARTNERS—*Extra Compensation—Special Agreement—Burden of Proof.*—In the absence of a special agreement to that effect, one partner cannot claim extra compensation for services rendered the firm, and the burden of proving such an agreement is on the partner asserting it.

Error to a judgment of the Circuit Court of Floyd county, rendered September 21, 1901, in an action of debt, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Scott & Staples,* for the plaintiff in error.

*Archer A. Phlegar,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This litigation grows out of a sale by the defendant in error, James M. Boyd, of his interest in the partnership of James M. Boyd & Co. to his co-partners, Winfield Scott, the plaintiff in error, and Samuel Scott. The price agreed to be paid for Boyd's interest was $4,000, for which the Scotts executed two bonds, and made two promissory notes, each for the sum of $1,000. Default having been made in the payment of these demands, Boyd instituted an action of debt upon them, to which action the defendants interposed a number of defences by a special plea of set-off under section 3299 of the Code. There was a verdict for the plaintiff for the full amount of his claims,

which the trial court approved, and rendered judgment thereon for the plaintiff.

A trial of the action was delayed for several years, chiefly by continuances granted on behalf of the defendant, Winfield Scott, his co-defendant, Samuel Scott, having died pending the litigation.

Finally, at September term, 1901, the case was called for trial, whereupon the defendant again moved for a continuance on the ground of the absence of a material witness; his testimony in that connection being that he had caused a subpœna to issue for the witness, which had not been served in consequence of his temporary absence from the State; that he expected to prove by him that, before the execution of the bonds and making of the notes in question, witness heard the plaintiff, Boyd, admit the existence of an agreement to the effect that the firm of J. M. Boyd & Co. was to pay the defendant, Scott, a salary of $100 per month for his services as superintendent of the "Scott Spoke & Handle Co."; that the evidence was material to his defence; that it would be denied by Boyd; and that the defendant had no witness, other than himself, by whom he could establish the contract.

Upon that representation, the case was again continued for the defendant. But, afterwards, the court having been advised by Boyd's counsel that there was a witness in attendance who would testify in respect to the matter which the defendant expected to prove by the absent witness, the order of continuance was set aside, and the defendant ruled into trial. To that action of the court the defendant excepted. It also appears that, at the trial, the defendant "introduced the evidence of himself and D. L. Weeks tending to prove that there was an express contract that he should be paid one hundred dollars a month by the firm for his services as superintendent of the spoke and handle factory, and that he had served in that capacity for

thirty-three months." It thus appears that the evidence of the witness was merely cumulative, and the general rule of practice is ·well settled that the absence of such a witness affords no ground for a continuance. *Norfolk, &c. R. Co.* v. *Shott*, 92 Va. 35, 22 S. E. 811.

A motion for a continuance is always addressed to the sound discretion of the trial court, under all the circumstances of the case, and an appellate court will never reverse its judgment in the exercise of that discretion, unless plainly erroneous. *Payne* v. *Zell*, 98 Va. 294, 36 S. E. 379; *Kelly* v. *Lehigh, &c. Co.*, 98 Va. 405, 36 S. E. 511, 81 Am. St. Rep. 736; *Kinzie* v. *Rieley's Executors*, 100 Va. 709, 42 S. E. 872. In this instance, the action of the court in setting. aside the order of continuance and disposing of the case was manifestly right.

The second assignment of error is to the refusal of the court to give instruction No. 3, as asked for by the defendant, and in giving the same in modified form. The instruction as originally offered told the jury that if they believed from the evidence that, at the time of or before the execution and delivery of the evidences of debt in the declaration mentioned, the plaintiff promised, represented, stated or agreed that he would retire from business, and would not for a period of ten years from the date of said evidences of debt, in the town of Floyd, engage in, or be interested in, such business as the firm of J. M. Boyd & Co. had theretofore conducted, or such mercantile business as S. & W. Scott should, during said period, see fit to conduct at the place of business of said firm of J. M. Boyd & Co., and if they further believed from the evidence that such promise, representation, statement, or agreement, constituted one of the inducements for the execution and delivery to the plaintiff of said evidences of debt, and was made by the plaintiff with the intention that it should be relied upon by S. & W. Scott, then he, the plaintiff, was bound by such representation,

promise, statement, or agreement. And if the jury should further believe from the evidence that the Scotts continued the business of the firm of J. M. Boyd & Co., at its former place of business, and within ten years from the date named, and while the Scotts were so engaged in business, the plaintiff engaged in or became interested in business of like character as that conducted by the firm of J. M. Boyd & Co., and thereafter continued by the Scotts in the town of Floyd, he is liable in damages to the defendant Scott.

The portion of the plea pertinent to this instruction is as follows: "And the said plaintiff undertook and agreed and faithfully promised the said defendant that he, the said plaintiff, would retire from business, and would not again, for a period of ten years from that date, enter into business of such character as said firms or mercantile firm had been conducting at Floyd C. H., Va., or have any interest in said business, under a penalty for a breach of said agreement of $5,000, to be paid to said defendant by said plaintiff."

It will be observed that the plea avers that the alleged agreement was *an express contract,* which the defendant in his evidence maintained was *in writing,* and there was no evidence tending to prove a *parol contract.* While the plaintiff admitted that, pending negotiations for the sale of his interest in the partnership of J. M. Boyd & Co. to the Scotts, he stated that he was in poor health and did not expect to resume the mercantile business at Floyd C. H., and knew that such statement was one of the inducements to the trade, he denied that there was any agreement to that effect. Upon this state of the pleading and evidence, the trial court refused to give the instruction in the form in which it was offered by the defendant, but so modified it as to make it accord with the theory of the defendant that the contract upon which he relied was in writing, and told the jury that if they believed from the evidence that there

was an agreement in writing, as testified by the defendant, he, the defendant, would be entitled to damages for its breach, but not otherwise. The same principle was enunciated in instruction No. 2, given on the motion of the plaintiff.

There was no error in the ruling of the court in thus conforming the instructions to the evidence of the defendant. His contention was that the contract was in writing. He cannot complain, therefore, that the instructions limited the enquiry to his own theory of the evidence.

If there was not a written contract, there being no evidence of the existence of a parol contract, there was nothing upon which to have based any other instruction, and a court should never give an instruction in the absence of evidence to support it.

It was argued with much earnestness that a parol agreement to abstain from engaging in a particular business at a particular place for ten years is not within the statute of frauds.

A determination of the matter under consideration does not call for a decision of that question; and upon it no opinion is expressed.

But inasmuch as the modification of instruction No. 3, and the giving of plaintiff's instruction No. 2, were proper for the reasons given, the error, if error there was, in the view of the trial court that the case came within the statute of frauds, is harmless. *Leftwich* v. *City of Richmond*, 100 Va. 164, 40 S. E. 651.

The court would have been justified in refusing to give instruction No. 3, in the form asked, on the further ground that it told the jury that the plaintiff would be liable in damages for engaging, during the period named, "in such mercantile business as the Scotts should see fit to conduct at the place of business of the firm of J. M. Boyd & Co.," a stipulation neither embraced by the defendant's pleading, nor proof.

Nor was there any error in the refusal of the court to submit to the jury the question of statements and representations of the plaintiff as inducements to the contract of sale.

There was neither issue nor evidence upon which to have based that instruction. The statement of the plaintiff that his health.was bad, and that he did not expect to resume the mercantile business in the town of Floyd, and that he knew that such statement was one of the inducements to the trade, if otherwise available, was not put in issue by the pleadings, and could not be relied on at the trial.

It is well settled that in order to entitle a party to relief from liability on a contract by reason of statements or representations made by the other party to the contract either by way of rescission or in damages for its breach, the matter relied on must be within the pleadings, and the statement or representation must either have been of a material, existing fact, as contradistinguished from a mere opinion, or expectation, or declaration of intention, or must be alleged and proved to have been made fraudulently, with intent to deceive or mislead. *Watkins* v. *West Wytheville Land Co.,* 92 Va. 10, 11, 22 S. E. 554; *Max Meadows L. Co.* v. *Brady,* 92 Va. 71, 22 S. E. 845.

The remaining objection, insisted upon in the argument before this court, was to the giving of plaintiff's instruction No. 3.

That instruction is as follows: The jury are instructed that one partner is not entitled .to receive compensation for services, which he may render about the partnership business, other than his share of the profits, unless there was an express contract between him and the other partners that he should do so, and the burden is on the defendant in this case to show by a preponderance of evidence that there was such an agreement.

The instruction clearly and correctly propounds the law governing the right of a partner to claim compensation for services rendered on behalf of the firm. The doctrine is that, in the ab-

sence of special agreement to that effect, no such right exists. *Forrer* v. *Forrer*, 29 Gratt. 134; *Frazier* v. *Frazier*, 77 Va. 792.

Upon the whole case, there is no error in the judgment complained of, and it must be affirmed.

*Affirmed.*