[No. 6735. Decided November 5, 1907.]

CLARENCE E. WILLIAMS, *Respondent*, v. ELBERT PEDERSEN, *Appellant*, CHARLES F. HANSEN, *Defendant*.[1]

PARTNERSHIP—TERMINATION—ABSENCE—EXTRA COMPENSATION. A partnership to cut certain timber is not terminated by temporary absence of one partner; and mere inequality of service is not alone ground for compensating the one doing the greater service, in the absence of an express or implied agreement therefor.

Appeal from a judgment of the superior court for Pacific county, Irwin, J., entered October 18, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for the dissolution of a partnership, and for an accounting. Affirmed.

*W. H. Abel,* for appellant.

*Welsh & Welsh,* for respondent.

HADLEY, C. J.—This is an action between partners for an accounting, settlement, and dissolution. The partners conducted a logging business upon the Nema river, in Pacific county, Washington. The partnership at first consisted of the plaintiff, Williams, and the defendants, Pedersen and Hansen. After the firm business had continued a few weeks, Hansen dropped out, and it is conceded that thenceforward he was out of the firm; and that, during the time he was with them, the partnership, composed of the three, cut and placed in the river seventy-eight thousand feet of logs, one-third of the net proceeds of which each of the three partners is entitled to receive. After Hansen left, Williams and Pedersen continued operations as a firm. The court found that they cut three hundred and thirty thousand eight hundred feet, board measure, of sawlogs, and that of the net proceeds from the last-mentioned logs each of the two last-named partners

[1]Reported in 92 Pac. 287.

is entitled to receive one-half. It is conceded that Hansen received his share of the proceeds from the first-mentioned lot of logs, and that he is not entitled to any share in the proceeds from the logs cut after he left. Pedersen was to receive one dollar per thousand stumpage for the logs cut. The logs were sold to the Day Lumber Company, and Pedersen collected the proceeds of the sales, with the exception of $140 collected by Williams. The court found that Williams had also received in other ways the further sum of $107.50, making in all $247.50 received by him. After allowing Pederson for stumpage, towage, and expenses, the court found that there is a balance in his hands belonging to Williams as follows: From the Pedersen, Hansen and Williams logs, $114.92; and from the Pedersen and Williams logs $425.76: in all the sum of $540.68. Judgment was entered in favor of Williams against Pedersen for the last-named sum, and for the dissolution of the partnership. Pedersen has appealed.

It is contended that the court erred in its findings. This contention arises chiefly from appellant's claim that respondent was away much of the time while the Pedersen and Williams logs were being cut, and appellant urges that respondent is not entitled to share in logs cut while he was away. The evidence sharply conflicts as to the amount of time respondent was absent in person. His testimony was to the effect that he was there practically all the time, and that when he was away his brother worked in his place. Nothing in the record indicates that the court should not have accepted respondent's testimony as true, and, if true, he reasonably did his share of the work, or caused it to be done. The partnership had not been dissolved and its work continued, even under appellant's theory, at such times as respondent was present and assisted therein.

Appellant seems, however, to adopt the view that the partnership work was so intermittently done that it ceased when respondent was away, and that appellant then cut logs at

the same place on his own account and not that of the partner-ship. We think the evidence does not justify the appellant's position. The partnership undertook to cut the timber and there had been no agreed cessation of its work as such. The partnership operations therefore continued although respond-ent was for a time away from the work. Even if it be true that appellant did the greater amount of work about the firm's business, still no agreement between the partners is shown that one was to receive a greater share of the partner-ship earnings for his services by reason of the absence of the other. In the absence of such an agreement one partner is not entitled to recover from the other by reason of inequality of services. In *Wisner v. Field*, 11 N. D. 257, 91 N. W. 67, the court said:

"We find no case in which it has been held that a mere in-equality of services by partners is alone ground for compen-sating the one doing the greater part of the work, in the absence of an agreement express or implied."

See, also, *Smith v. Brown*, 44 W. Va. 342, 30 S. E. 160; *Scott v. Boyd*, 101 Va. 28, 42 S. E. 918; *Lamb v. Wilson*, 70 Neb. 729, 97 N. W. 325; *Whitney v. Whitney*, 27 Ky. Law 561, 88 S. W. 311; *Mills v. Fellows*, 30 La. Ann. 824; *Coddington v. Idell*, 29 N. J. Eq. 504; *Major v. Todd*, 84 Mich. 85; *Bennett's Adm'r v. Russell's Adm'r*, 34 Mo. 524.

There are instances where the course of dealing of the part-ners is such, and also where the services rendered are of such an extraordinary character, that the law implies a contract to pay one partner for extra services, but such facts are not established by the evidence here. The findings are sustained by the evidence in the record, and we see no reason for dis-turbing them.

The judgment is affirmed.

FULLERTON, RUDKIN, CROW, ROOT, DUNBAR, and MOUNT, JJ., concur.