G. L. PAINTER, *Appellant*, v. J. D. HINES, *Appellee.*

No. 17,403.

SYLLABUS BY THE COURT.

1. PARTNERSHIP—*Purchase and Sale of Land—Accounting.* A man actively engaged in the general real estate business entered upon a joint venture with another in the purchase and sale of a tract of land, the profits or losses to be shared equally. The court found that they agreed that each would give special attention and his time to the selling of the land and would faithfully and diligently endeavor and use his best and special efforts to sell as soon as possible. Upon a suit for an accounting after a speedy and profitable sale of the land the defendant, without claiming extra compensation for his own services and without evidence of damage to the firm, was permitted to recover for the failure of the plaintiff to devote proper attention to the enterprise. *Held*, error.

2. ——— *Same.* In such an accounting the defendant was allowed credit for expenses, and the plaintiff asked to open up the case and establish an expense account also. *Held*, that his request should have been granted.

Appeal from Jefferson district court. Opinion filed April 6, 1912. Affirmed in part and reversed in part.

*B. F. Milton*, for the appellant.

*H. T. Phinney*, and *J. B. Larimer*, for the appellee.

The opinion of the court was delivered by

WEST, J.:  In July, 1905, the parties entered into a
partnership agreement to purchase 8280 acres of land
in Ford and Hodgeman counties and to sell the same,
the profits or losses to be divided equally.   The plaintiff
had a flourishing real-estate business at Dodge City,
employing a clerk and stenographer and maintaining a
well equipped office.   He had been discussing a sale of
the land in question with its owner and was to have a
commission, if sold, of $1750.   The defendant, who
lived in northeastern Kansas, being at the plaintiff's
office was told of the land and the chance to purchase,
and the two went to look it over and concluded to buy
it, which they did.   This was on July 7, 1905, and by
the end of March, 1906, the land had been disposed of
and the parties attempted a settlement, which was
blocked by the claim on the part of the defendant,
Hines, that when the land was bought Painter had
claimed to him that instead of $1750 commission he
was receiving $650, whereas in truth he had kept back
$1100, one-half of which Hines demanded, and upon
Painter's refusal to pay, the settlement progressed no
further.   In March, 1909, this suit was brought for a
partnership settlement and a recovery of $4337.50 al-
leged to be due plaintiff.   A protracted trial was had
before the court and the case was taken under advise-
ment, after which elaborate findings of fact, sixteen in
number, were made, followed by conclusions of law
and a decree awarding plaintiff $2249.40, each party
to pay one-half the costs.   Each filed a motion for a
new trial, and the plaintiff appeals, alleging error in
the findings of fact and conclusions of law, asserting
that a number of the former are contrary to the evi-
dence and others unsupported thereby, and also com-
plains that certain findings submitted by the plaintiff
were refused.

53—86 KAN.

The case is marked by the usual conflict of evidence. Having gone over the briefs, the abstract and the counter abstract and observed the claims of the parties and the various details of the dealings between them and the positions now taken and arguments advanced, we find only two matters demanding serious attention. The twelfth finding is to the effect that plaintiff's time and services during the six months following the formation of the partnership were of the value of $500 a month, only one-third of which were devoted to the partnership matters, and that for the other four months the plaintiff should account to the partnership for $2000, one-half of which is given to the defendant. In the fifteenth finding the defendant was allowed an expense account of $750, although the plaintiff was not permitted to reopen the case and submit his own expense account upon his request so to do.

It was alleged in the answer that plaintiff neglected to devote his whole time to the partnership interest, to the damage of the partnership. While the court found that it was mutually agreed that each would "give special attention and his time to the selling of said land and would faithfully and diligently endeavor and use his best and special efforts to make sale of the lands . . . . as soon as possible in accordance with their contract," and while there is some evidence tending to show that the plaintiff was not as active in regard to this land as was the defendant and that the plaintiff was equally or more interested and active in the sale of other lands, yet there was no evidence or finding that each should devote his entire time and attention to this matter. The plaintiff, by his own efforts and those of his office force, did devote considerable attention to the sale of this land and to the abstracts, records, conveyances and details of many of the transactions concerning the various tracts sold from time to time. Certain it is that no evidence either showed or tended to show that any alleged neglect on the part of the plain-

tiff operated to cause loss or damage to the partnership, for the entire tract was sold out in less than one year at a profit of over $17,000.

Many cases are cited to the effect that where each partner agrees to give his entire time to the business and one withdraws or willfully abandons his work and leaves the burden on the other, a deduction should be made from his share of the profit. The abstract shows that counsel stated to the court that no claim would be made by the defendant for extra compensation on account of his alleged extra services, and none being claimed or allowed, this question is out of the case. The rule allowing one partner a deduction from the other partner's profits on account of failure to do an equal share of the work does not, we think, apply to this case. In the course of the plaintiff's real-estate business and dealings he came upon the chance to buy this land, and the defendant entered into the project with him. There is no basis for claiming that either the plaintiff or the defendant entered into a solemn compact to devote exclusive attention to this one project to the utter abandonment of everything else, although it appears that the defendant, having, as he stated, nothing else to do, did devote practically his exclusive time to it for a while.

*Insley v. Shire,* 54 Kan. 793, 39 Pac. 713, involved a bank firm which had suffered a serious loss through the fraud of its employees, and this was by the trial court laid at the door of one partner who was alleged to have been negligent in respect of the affairs of the partnership. But it was held that as Insley was also careless he could not shirk his part of the responsibility and call upon Shire to make good the loss. It was said that it was the duty of the partners to devote their time and best endeavors to carrying on the business and promote its prosperity, and that in the absence of any special agreement between them as to the division of labor each should have given his time and attention

to the conduct of the business without regard to the relative services of the several partners. It must be remembered that here the partnership involved but one venture—the handling of this land—and it was necessarily unlike an enterprise such as a general banking business to which the partners would be expected to devote their exclusive attention, and reason dictates a less strict requirement when a mere joint venture is undertaken as to one specific matter, otherwise those engaging in such an undertaking would be compelled to forsake all else and cleave only unto that. The leading case of *Marsh's Appeal*, 69 Pa. St. 30, concerned a partnership which carried on a foundry, grain drill and stove business, into which the partners entered upon an equal footing and by verbal agreement one was to attend to the finances. He voluntarily withdrew and for some years refused to render any services as a partner. It was found that the services would have been worth a thousand dollars a year, and that each partner had agreed to take a particular department of the business. It was found, however, that a loss was suffered by the firm during the absence of this member amounting to some $5000. It was held that the other partners could not claim anything beyond an equal share of the common benefit for extra services rendered by them, but that they could charge the delinquent member with the loss occasioned by his refusal to render the services which he had agreed to perform. In *Williams v. Pedersen*, 47 Wash. 472, 92 Pac. 287, 17 L. R. A., n. s., 384, it was held that one member of a partnership engaged in a logging business was not, in the absence of an agreement to that effect, entitled to a greater share of the earnings than the other by reason of the fact that the latter was frequently absent and the former did the greater amount of work. In a footnote a multitude of cases are cited from which it appears to be the unquestioned rule that ordinarily one partner is not entitled to compensation for extra

Painter v. Hines.

services. The general rule is that inattention or misconduct by one of the partners does not entitle the other to an extra share of the proceeds unless damages to the partnership be shown, and the defendant not being entitled to compensation for extra services and not claiming any, he should not have been allowed to recover on account of the plaintiff's alleged neglect or misconduct without establishing, by proper evidence, a loss accruing thereby to the firm. (*Caldwell v. Leiber,* 7 Paige's Ch. 483; *Tutt v. Land,* 50 Ga. 339, 340; *McConnell v. Stubbs,* 124 Ga. 1038, 53 S. E. 698.)

The fifth finding is to the effect that each partner was to contribute one-half of the money to pay for the land and share equally in the profits and losses. The testimony shows that when the settlement was attempted on March 29, 1906, it was found that the firm had overpaid the former owner of the land something more than $7200 and he gave the defendant a check for $3600 as his part and that this left him owing the plaintiff about the same amount, and that a division of certain firm money was made at that time between the plaintiff and defendant, and that afterwards, when the controversy came up over the commission, each party demanded to be allowed a certain amount for expenses, plaintiff claiming that he had done much advertising and that the defendant had no more coming in the way of expenses than he had. Upon the trial the defendant was allowed to prove and recover an expense account of $750. During the introduction of this testimony the plaintiff asked to be permitted to reopen his case and introduce evidence concerning his expenses in connection with the partnership, which was objected to by the defendant and denied by the court. The entire course of the deal indicates that the partnership agreement to divide the profits and losses equally was intended to be carried out, and if either party is to be credited with expenses there is no reason why the other should not be likewise credited. While the

petition did not ask allowance for expenses it did pray for an accounting, and the plaintiff should not be precluded from meeting the defendant's claim for expenses by one of his own, especially when he requested to open up the case and make the proof.

While complaints are made touching many other matters involved, and while the defendant insists that he is entitled to a decree against the plaintiff, we think, with the two exceptions already mentioned, the trial court reached a fair and equitable conclusion. We can not, however, approve of the allowance of the defendant's expense account without permitting the plaintiff to prove and be credited for his, nor the finding and conclusion of law holding the plaintiff accountable to the defendant for one-half the supposed value of his services for four months of the time during the partnership in the absence of evidence showing damages to the firm.

The cause is therefore remanded for further proceedings in reference to these two matters only. In other respects the decree is affirmed.