[No. 16955.   Department One.   May 13, 1924.]

S. G. DULEY, *Plaintiff and Appellant,* v. M. W. DULEY,
        *Defendant and Cross-Appellant.*[1]

PARTNERSHIP (25)—MUTUAL RIGHTS—COMPENSATION FOR SERVICES
—CONTRACT—EVIDENCE—SUFFICIENCY.   Where a speculative partner-
ship did not originally contemplate the rendition of services in the
working of land, and one partner had previously been allowed a
credit while sole active manager, it is proper to award the other
partner compensation for working and managing a farm which was
then practically the whole of the business of the firm.

Appeal from a judgment of the superior court for
Okanogan county, Neal, J., entered February 15, 1921,
in an action for a partnership accounting, tried to the
court.   Affirmed.

*Wm. O'Connor* and *Hughes & Wallace,* for appellant.
*P. D. Smith,* for respondent and cross-appellant.

PARKER, J.—This is a partnership accounting in
equity, commenced in the superior court for Okanogan
county, wherein each of the two partners, the parties
to the proceeding, claim certain items of credit in his
own favor and certain items of charge against the
other.   A trial upon the merits in that court resulted in
a decree which, in so far as we are here concerned with
its correctness, awarded to plaintiff a credit measured
by monthly wage for services rendered by him and his
wife to the partnership.   The plaintiff first appealed
from the decree looking to its reversal in so far as its
awards were adverse to his claims, but has abandoned
his appeal.   The defendant cross-appealed from the
decree looking to its reversal in so far as it awarded

[1]Reported in 225 Pac. 401.

to the plaintiff the above noticed item of wage compensation for services rendered by him and his wife to the partnership. The only question here for our consideration is as to the correctness of the awarding of compensation to the plaintiff for services rendered to the partnership, apart from the question of the amount of such award; that is, as to whether or not the plaintiff is entitled to any award for such services to the partnership.

The plaintiff and defendant are brothers. They entered into a written contract of partnership in April 1901; the plaintiff then living in Iowa and the defendant in Spokane, in this state. The contract of partnership, as therein recited, contemplated the business to be the purchasing and selling of live stock in the state of Washington, the principal place of the business to be at Spokane. By the beginning of the year 1909, the business had evolved itself into a matter solely of owning and holding certain land in Douglas county, in this state, and the raising of grain and stock thereon. In January of that year they had an accounting, which was evidenced in writing, in which the defendant was given a credit in a substantial sum for services rendered by him to the partnership. This compensation seems to have been then credited to the defendant because plaintiff was then and had been a resident of Iowa and had not given personal attention to the partnership affairs.

In the fall of 1909, they entered upon a new venture. It consisted of the acquisition, for the purpose of speculation, of a tract of land in Okanogan county thought to be capable of development into fruit land; the purpose being to plat the land and sell it in small orchard tracts. This being done, the tracts did not sell readily and it became apparent that the venture

would not be successful if pursued along that line. Because of this, it was agreed that the plaintiff and his wife should go upon that land and physically improve, work and manage it as a farm; which they accordingly did and worked it by gardening, dairying and stock raising thereon, they having entire control and management of it for the partnership at all times since then. In 1915, the Douglas county land was sold, and thereafter the working and management of the Okanogan county land by the plaintiff and his wife have been substantially all of the business and affairs of the partnership. It was for this period from 1915 that the court awarded compensation to the plaintiff for that service rendered to the partnership.

Since the sale of the Douglas county land, the defendant has given practically no attention to the affairs of the partnership, which, as we have already noticed, was practically all incident to the working and the management of the Okanogan land; he being in the meantime engaged practically wholly in affairs of his own concern. The testimony of the parties is somewhat out of harmony, and, it must be confessed, is not very definite and certain touching the question of an agreement between them as to what extent either should be compensated for his services to the partnership, other than as mere participators in the profits of the partnership. The plaintiff testified in substance that, at about the time of the purchase of the Okanogan land, when the defendant handed to him, the plaintiff, a check to aid in making payment upon the Okanogan land, he said: "All I ever want is this money back with interest after you have been paid for what you do." We have already noticed that the plaintiff was in Iowa and not in the state of Washington during the early years of the partnership. He evidently came to

Washington and took active interest therein not long prior to the purchase of the Okanogan land. The defendant testified generally that "there was no agreement, directly or indirectly," that the plaintiff was to receive wages for work he did for the partnership. Yet the defendant does not deny making this statement to the plaintiff at or near the time of the purchase of the Okanogan land. At the beginning of the partnership in 1901, and clear down to the actual going upon the Okanogan land by the plaintiff and his wife for the purpose of working and managing it as a farm, it was not contemplated that either of the partners should render to the partnership any such services as the actual working of any of their land in the sense of actually farming it, but that the partnership was of a purely business and speculative character.

Counsel for the defendant invoked the general rule that one partner cannot have compensation from the partnership of which he is a member for services rendered to the partnership by him, in the absence of a certain agreement to that effect; and argues that no such agreement has been shown, either directly or inferentially, by the evidence in this case, citing our decisions in *Williams v. Pederson,* 47 Wash. 472, 92 Pac. 287, 17 L. R. A. (N. S.) 384, and *Boothe v. Summit Coal Min. Co.,* 72 Wash. 679, 131 Pac. 252. It is true that this general rule is recognized in those decisions, but so are what may be termed the exceptions thereto. In the *Williams* case, there was no circumstance pointing towards an agreement to compensate one partner for services rendered by him to the partnership, other than some degree of inequality of service rendered to the partnership by the respective partners. The *Boothe* case lends no better support to the defendant in this case. In that case, there was not only an ab-

sence of express or inferential agreement for compensation, but there seems to have been a clear understanding that each one should draw from the partnership a like amount each month.

Our decision in *In re Levy's Estate,* 125 Wash. 240, 215 Pac. 811, contains observations and citations of authority which lend support to the plaintiff's claim that the evidence in this case warrants the conclusion that these partners agreed that the plaintiff and his wife should have compensation for the working and management of the Okanogan land as a farm. As strongly tending to support that conclusion, we have the fact of the credit given to the defendant for prior services rendered by him to the partnership when he was apparently the sole active manager of the partnership affairs; the fact that after 1915, during the period which the court awarded the plaintiff compensation, the working and control of the Okanogan land as a farm was practically the whole of the business of the partnership; the fact that such work and management were wholly by the plaintiff and his wife; the fact that the partnership, at least up until that time, did not contemplate the physical working and management of any farm by either of the partners, and the inference to be drawn from the statement made by the defendant to the plaintiff, above quoted, at about the time of the purchase of the Okanogan land as a new partnership venture.

The question of whether or not in a particular case the court shall conclude that an agreement for compensation to a partner for services rendered to the partnership has been made, is largely a question to be answered from the facts and circumstances of the particular case; and this, it seems to us, must be particularly true when the partnership exists between persons

so closely connected by ties of blood as were these partners, a fact which we all know is generally conducive to loose and indefinite dealings between such partners relative to the partnership business. In 1 Rowley, Modern Law of Partnership, § 354, it is well said:

" 'The rule, that each partner must be assumed to render his services in the partnership business gratuitously, is not inflexible nor of universal application. It has its exceptions founded in wisdom and experience. Where it can be fairly and justly implied from the course of dealing between the partners, or from circumstances of equivalent force, that one partner is to be compensated for his services, his claim will be sustained. The partnership may be of such a peculiar kind, and the arrangements and the course of dealing of the partners in regard to it may be such as pretty plainly to show an expectation and understanding, without an express agreement upon the subject, that certain services of a copartner should be paid for. Such cases, presenting unusual conditions, are exceptions to the general rule,' however. On more than one occasion it has been denied that a gross inequality in the service to the credit of the several partners creates the presumption of an agreement to compensate specifically for the superior services rendered. But where one partner has full charge of the business and others have acquiesced and devoted their time to their own affairs, an agreement to compensate will be implied more readily than where all are giving equal attention to the business.''

This is a case very difficult of solution through any process of very exact logical reasoning. The trial court heard the witnesses and had the benefit of sidelights, during the somewhat protracted trial, which manifestly were somewhat more illuminating than the cold record here laid before us. We are not able to say that a wrong conclusion was reached by the trial

judge, who seems to have given the case painstaking care.

The decree is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.