Mr. Justice NELSON
delivered the opinion of the court.
This is a writ of-error to the Circuit Court of the United States for the eastern district of Pennsylvania.
The action was brought by the State of Pennsylvania against the. defendant, executor of the late Mrs. Kohne, to recover the sum of $5,820.23, called a collateral-inheritance tax, assessed upon the personal estate of the testatrix. By the law of Pennsylvania, where the property of the deceased passes to his or her collateral heirs, or to strangers, either by the. law concerning intestate estates, or by will, it is made subject to a specific taxation for the benefit of the State. This tax is five per centum on the clear value of the estate. (Brightly v. Purdon, p. 138; act 22d April, 1846, sec. 14.) And according to the construction of these acts imposing the tax, it is held, if a decedent be domiciled in the State at the time of his or her death, stocks of other States, or of corporations of other States, and debts due in other States, in the hands of the executors or administrators, are liable to this tax. (4 Harris’s Rep., 63; 18 Howard’s Rep.)
But if the domicil of the deceased be not in Pennsylvania, then the estate is not subject to the tax.
Mrs. Kohne.died in the city of Philadelphia in March, 1852, and the question in the court below was, whether or not she was domiciled in Pennsylvania at the time of her death, or in the State of South Carolina. The jury, under the charge of the court, found a verdict for the defendant.
The case is before us on four exceptions taken to the charge of the court. .
The first three it is not material to notice further, than to say, that the two first are founded upon a misapprehension of the instructions given to the jury; and the third is not maintainable, as the instruction in the connection in which it is found is unobjectionable. '
' The fourth exception is, that the court; in the charge, took the fact of domicil from the jury.
*110 This exception, we think, is founded in a misapprehension of the instructions given. The court, after stating to the jury that the question of domicil was one of mixed law and fact, observed,’ that it was for the court to instruct them what constituted a domicil, and for the jury to apply the principles of law governing it'to the tacts as found by them; that the-jury had no right to disregard the law as laid down by the court, and the court had no fight to dictate to. them as respected the facts, which they must find on their own responsibility. The court, then stated to the jury the principles of law applicable to the question of domicil, to which no exception has been taken. Also, that as it had been admitted Mr. Kohne, the husband, who died in Philadelphia in 1829, had his domicil in Pennsylvania at the time of his death, the domicil of the wife must be taken as in that State at the time, and submitted' the question whether or not she had since changed it to the State of South Carolina; and then, after referring to the leading facts given in. evidence, and relied on to. establish a change of domicil, 'observed;, that if the jury believed this evidence, the domiciL ■of Mrs, Kohne was in South Carolina.
■ The court fui’ther say, that the mere speaking of a place as a home, without any act showing an intention to return to it, vjóuld amount to nothing. But if acts and the language concur, as proved by the witnesses in the ease, it would be a denial to the deceased of the right to choose her own domicil, not to 'allow her-acts and declarations, continued for many years, to be conclusive of the fact.
We perceive nothing in the instructions of- the court, or in the view of the case as presented to the jury, by which the question.of domicil, so far as it depended upon the facts, was taken from the jury. The evidence was very strong in support of a change, of domicil by Mrs. Kohne after the death of her husb.and,. and;, if believed by the jury, it was not too much to.say, asmatter of law, that they should find for the defendant.
The .judgment of the court belowds affirmed. .