## CRAMER v. BACHMANN, *Appellant.*

1. **Partnership**: WHEN ONE PARTNER ENTITLED TO COMPENSATION FOR PERSONAL SERVICES RENDERED THE FIRM. Whether a partner is entitled to remuneration for services rendered the firm, depends upon the intention of the parties; an express agreement is not necessary, and in order to ascertain whether such compensation should be allowed, the circumstances which surrounded the parties, and their relative situations towards each other should be considered.

2. ——: CASE IN JUDGMENT. Defendant, a skilled culturist, entered into partnership with plaintiff for the growing of grapes and the manufacture of wine. Plaintiff purchased a tract of land for such purpose, an undivided one-half of which was to be deeded to defendant, the amount paid for same by plaintiff being refunded to him out of profits realized. Nothing further was agreed upon at the time of the formation of the partnership. Defendant built a dwelling house and wine cellar, expended labor and capital of his own, and made a fruitful vineyard and extensive orchard on the tract. Plaintiff was engaged almost exclusively in an independent

business of his own.  Subsequently defendant, dissatisfied with the failure of plaintiff to convey to him the undivided half of the premises, sent the key of the wine cellar to plaintiff, and made preparations to return to St. Louis, from whence he, at plaintiff's request, had come, when plaintiff made the deed, and handed defendant a written agreement, signed by himself alone, which writing gave recognition to the idea that defendant was entitled to remuneration for both prior and subsequent labors in the interest of the firm.  This writing defendant refused to sign, not regarding the compensation therein specified as sufficient, but returned again to his labors, in which he continued until the present proceeding resulted in a decree for dissolution.  A referee having been appointed, took an account and made report, which was approved, except in one particular, which was the allowance to defendant for services to to the firm, there being no articles of co-partnership, and no writing or express agreement for the allowance of such compensation; *Held*, that the allowance was properly made.

*Appeal from   Cape   Girardeau   Court   of   Common   Pleas.—*
Hon. H. G. Wilson, Judge.

*Houck & Ranney* for appellant, cited *Lewis v. Moffett*, 11 Ill. 398; Marsh's Appeal, 69 Pa. St., 30 ; *Bradford v. Kimberly*, 3 Johns. Ch. 431, and Story on Partnership, § 182.

*Wilson Cramer* for respondent.

It is well settled that one partner is not entitled, as against the other partners or the firm, to any compensation, commission or reward for his skill, labor or services employed in the partnership business, unless there be an express agrement to that effect.  Story on Partnership, (5 Ed.) § 182, and cases cited in note 5 ; Ibid, § 185, and cases cited ; Parsons on Contracts, vol. 1, (4 Ed.) bottom page 197; *Lewis v. Moffett*, 11 Ill. 392 ; *Bennett v. Russell*, 34 Mo. 524.  All the authorities concur that the agreement must be express or special, and cannot be implied, except, perhaps, when the parties themselves have made previous settlements upon that basis, or where the services are such as were outside of the immediate scope of the partnership,

and not directly required of the partners by reason of their being such. Smith's Mercantile Law, p. 61, note; *Lewis v. Moffett, supra.* The facts in this case fail to bring it within these principles.

SHERWOOD, C. J.—Plaintiff brought suit in 1875 against defendant for dissolution of the partnership existing between them, under the name and style of Bachmann & Co., formed in 1866, and also for an account to be had and taken.

A referee being appointed, took an account and made report, which was approved, except in one particular, which was the allowance rendered of compensation to the defendant for services to the firm of which he was a member, there being no articles of co-partnership, and no written or express agreement for the allowance of such compensation, and as is agreed, the correctness of this ruling is the only point to be determined.

The chief purpose of the partnership was the growth of grapes and the manufacture of wine. There was nothing definite agreed upon at the time of the formation of the partnership, only that a certain out-lot containing some forty acres, was to be purchased for partnership purposes by Cramer, and a deed to the undivided half thereof was to be made by him to Bachmann. The amount thus paid Cramer for Bachmann's share of the lot was refunded to him out of the profits realized.

It is quite evident, from the testimony, that Bachmann was looked to and relied on to accomplish the object which induced the formation of the partnership. Under his skilled labor and superintendence a dwelling house, wine cellar, stable and outhouses have been built, and a large portion of "a rough bare ridge, full of stumps," has been transformed into a fruitful vineyard, and an extensive and various orchard. Bachmann continued to labor on the place until 1870, adding to its value every year by labor and capital, when becoming disgusted with the failure of

Cramer to convey to him the undivided half of the out-lot as he had agreed, he sent the key of the wine cellar to Cramer and made preparations to return to St. Louis from whence he, at the request of Cramer, had come. The latter ascertaining that Bachmann was in earnest, came to him, returned the key of the wine cellar, made him a deed as he had promised four years before, agreed to make a contract with him looking to his compensation for former as well as future services, and handed him an agreement known in the record as " exhibit E," to sign, which writing gave recognition to the idea that Bachmann was entitled to remuneration for both prior and subsequent labors in the interest of the firm. This agreement Bachmann refused to sign, because not regarding the compensation therein specified sufficient, but returned again to his labors, in which he continued until the present proceeding resulted in a decree for dissolution.

There can be no dispute as to the general prevalence of the rule invoked by plaintiff, that a partner is not entitled to remuneration for his services rendered the firm, unless rendered under an express agreement for recompense. Story on Part., § 182, and cases cited; Parsons on Con., § 203, and cases cited; *Barnett v. Russell*, 34 Mo. 524.

But this rule, though of general, is not of universal application. Like all general rules, it has its exceptions, exceptions as much founded in wisdom as the rule which the exceptions thereto prove. Thus, a partner is entitled to reward for his services, if it can be clearly implied from the course of dealing which the partnership adopts, or other circumstances of equivalent force. Parson on Con., *supra; Bradford v. Kimberly*, 3 Johns. Ch. 431; Marsh's Appeal, 69 Pa. St. 30. We regard the present instance as affording illustration of justifiable departure from the general rule. The proffered agreement of Cramer to Bachmann, though unsigned by the latter, gives, as before stated, evident indication of the fact that Cramer recognized the value of Bachmann's services, past as well as

future, and was willing to compensate him therefor; the first section of that agreement reciting that "Hermann Bachmann promises to devote his whole time and care and ability to the growth of grapes and such other products which may be grown upon the above described lot, and to promote the prosperity of the business. For this, his *individual personal labor and pains*, he is to *receive* the following compensation, out of the net profits, before the same is to be divided between both parties; for his labor before the 1st day of January, 1869, $100; for his labor from the 1st day of January, 1869, to the 1st day of January, 1870, the sum of $400; and for each year thereafter, the sum of $500," and the second section of that instrument reciting that Cramer "promises to do all in his power to promote and further the said business; to keep and manage the books, as also to manage and attend to all the financial business, and to procure all the necessary materials and utensils to carry on the business; for this, to him, allotted labor and pains, he hereby renounces any claim for pay or compensation." In the one section Cramer promises to pay for Bachmann's services; in the other he renounces all claim of pay for himself.

The controlling question in cases of this sort, is one of intention, and the intention in the case at bar, and the reason for forming it, are made more conspicuously manifest when it is remembered that the time of Cramer was almost exclusively occupied in an independent business of his own; that he was totally unfamiliar with the grape culture and the processes of wine making, while Bachmann was thoroughly familiar with all such matters in their numerous details. And we regard it as not at all improper to consider the circumstances by which the parties were surrounded, and their relative situations towards each other in the endeavor to ascertain whether compensation should be equitably implied for the services performed and to be performed by Bachmann. If this position be correct, and we think it well established by the authorities just cited,

then it does not signify that the agreement tendered to Bachmann remained unexecuted; the only importance which that instrument, in its present condition possesses, is as an evidence of the intention which prompted its tender to him. For these reasons, we are inclined to the opinion that the report of the referee should not have been modified on the point of compensation. As a matter of course the amount thereof should be the reasonable value of the services rendered, when considered in connection with and reference to the fact that the labor of Bachmann was constantly making the place on which it was performed more valuable, and in so far as it did this, he was entitled to be the recipient of one-half the benefits arising therefrom.

Ordering the court below to open the evidence now before us in this record, adjust the rights of the respective parties in an equitable manner and conformable to this opinion, we reverse the judgment and remand the cause. All concur.

REVERSED.