CASE 47—PETITION EQUITY—MAY 19.

# Pinckard, Receiver v. Davis.

### APPEAL FROM BRACKEN CIRCUIT COURT.

1. AUTHORITY OF CITY MARSHAL TO EXECUTE PROCESS FROM CIRCUIT COURT.—The provision in the charter of towns of the fifth class (section 3629, Kentucky Statutes), which says in speaking of the city marshal that "he shall, and is hereby authorized to execute and return all process issued, and directed to him by any legal authority," only means process issued and directed by municipal authority; and does not authorize him to serve process from the circuit court, or the clerk of that court to direct the same to him.

H. P. WILLIS FOR APPELLANT.

1. A receiver appointed in another State, will be permitted as a matter of comity to sue in the courts of this State. (Lawson's Rights, Remedies and Practice, vol. 7, p. 6102; Am. & Eng. Enc. of Law, vol. 20, p. 242 and cases there cited.)

2. The motion by the appellees to quash the summons came too late, as it was made long after they had entered appearance to the action.

3. The clerk was authorized to direct the process to the marshal, and the marshal had a right to execute the same. (Sec. 3629, Kentucky Stats.)

THOS. H. HINES FOR APPELLEES.

1. Section 667 of the Civil Code, designates the officers to whom process may be directed, and by whom it may be served. An attachment executed by any officer other than those named therein is worthless. (Sec. 667, Civil Code.)

2. While the city marshal is authorized by section 3629, Kentucky Statutes, to execute such process as may be directed to him, that has reference only to such process as may issue from the municipality of which he is an officer.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In an action in the circuit court an order of attachment was issued by the clerk and directed to the marshal of the town of Augusta—a town of the fifth class. The process was duly served on the garnishee, but in a contest between the attaching creditor and a subsequent claimant of the fund sought to be attached, the trial court held the service ineffectual to create a lien, and adjudged the fund to the junior claimant.

On appeal it is contended that while the provisions of the Code (subsection 2, section 667) do not designate such an officer as one to whom such process may be directed, yet power to execute it is conferred on him by section 3629 of the Kentucky Statutes (charter of town of the fifth class), provided the process be directed to him. That section provides that the department of the police of said city shall be under the direction and control of the city marshal, and for the suppression of any riot, public tumult, etc., he shall have the powers that are conferred upon sheriffs by the laws of the State, and shall in all respects be entitled to the same protection, and then follows this language, which is that relied on by appellant: "He shall and is hereby authorized to execute and return all process issued and directed to him by any legal authority."

Then follows further regulations with respect to the duties of the marshal in the police court and in the city. It seems to us that the power to execute process conferred by the language quoted must be restricted to process issued and directed by municipal authority. The marshal is an officer of the city government, an appointee of the council, and sustains somewhat the same relation to the city and its governmental affairs as the sheriff does to the county. We can not believe this statute intended to add his name

to the list of officers authorized by the Code to execute process and orders of attachment in the circuit court.

As there was no authority on the part of the marshal to execute the process, there was none on the part of the clerk to issue and direct it to him, and its service created no.lien.

Judgment affirmed.