DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON.

---

(No. 5363. Decided May 3, 1905.)

WILLIAM McCORD, *Appellant,* v. JOHN ROSENE, *Respondent.*[1]

DOMICILE—AT HOTEL—RESIDENCE OF FAMILY IN ANOTHER STATE. A man may establish his domicile by actual residence at a hotel, coupled with an intention to remain, irrespective of the residence of his family, left in another state for the purpose of educating his children.

Appeal from a judgment of the superior court for King county, Griffin, J., entered September 15, 1903, upon the verdict of a jury rendered in favor of the defendant, in an action upon a foreign judgment. Affirmed.

*L. H. Wheeler,* for appellant.

*John P. Hartman,* for respondent.

PER CURIAM.—This is an action upon a judgment, rendered in the Yukon territorial court, in the Dominion of Canada, on June 22, 1899, in favor of appellant and against the respondent, for the sum of $1,553. It is conceded that the action cannot be maintained unless it was commenced within two years from the date of the judgment sued upon. The complaint alleges that, during certain short periods of time, the defendant was absent from the state of Washington, by reason of which absence the length of time for the commencement of the action had been extended,

1Reported in 80 Pac. 793.

and that the statute of limitations had not run. The answer alleged a continuous residence in the state. This question was submitted to the jury under proper instructions, and they found the issues in favor of the defendant. In this instance the defendant's family did not reside in this state, he having left them in the state of Illinois for the purpose of educating the children.

These matters were all submitted to the jury, and it is well established, as a matter of law, that a man's residence is not necessarily controlled by the residence of his family. *Cochrane v. Boston,* 4 Allen 177; *Pennsylvania v. Ravenel,* 21 How. 103, 16 L. Ed. 33; *Schlawig v. De Peyster,* 83 Iowa 323, 49 N. W. 843, 32 Am. St. 308, 13 L. R. A. 785; *Thompson v. State,* 28 Ala. 12; *Exchange Bank v. Cooper,* 40 Mo. 169; *Pearce v. State,* 1 Sneed (Tenn.) 63, 60 Am. Dec. 135. It is also well established that a man's domicile is determined by his actual residence, coupled with his intention to remain, irrespective of the residence of his family. *Russell's Heirs v. Randolph,* 11 Tex. 460. Our own statute, Bal. Code, § 1322, provides that absence from the state on business shall not affect the residence of any person, provided the right to vote has not been claimed or exercised elsewhere.

The only fact which discriminates this case from the great number of cases deciding this point is that the residence of this respondent was at a hotel, viz., the Butler hotel, in the city of Seattle. But this fact, we think, cannot make any difference with the question of residence. In modern times many men establish and maintain their residences in hotels, for great periods of years, both with and without their families, and whether a man lives in a hotel or at a private dwelling, either owned by him or rented for the purpose of residence, can make no possible difference.

We think no error was committed by the court in its instructions on this question, and that the jury was warranted from the testimony in determining that the residence of

the respondent was in the state of Washington. The other alleged errors are immaterial, and the judgment will therefore be affirmed.