[No. 15980. Department Two. February 17, 1921.]

BARNEY SIMON, *Appellant,* v. ZELMA LEVY *et al., Individually and as Administrators, Respondents.*[1]

PARTNERSHIP (14, 16)—EXISTENCE OF RELATION—EVIDENCE—SUFFI-CIENCY. There is sufficient evidence of the existence of a partnership where it appears that letters passing between the deceased, during his lifetime, and the appellant show that deceased and appellant were jointly interested in goods shipped from Alaska to Seattle for the purpose of opening and conducting a jobbing and retail mercantile business in Seattle.

SAME (10)—RELATIONS—PRESUMPTIONS. Where a partnership is shown, equal interest will be presumed in the absence of evidence as to the interest.

PARTNERSHIP (76)—DEATH—RIGHTS OF SURVIVOR—ADMINISTRATION OF PARTNERSHIP PROPERTY. The surviving partner is entitled to administration of the partnership property, if, within five days from the filing of the inventory, he apply for the administration thereof; and if he so applies, he shall be entitled to administer the partnership property if the court finds him to be qualified.

EXECUTORS AND ADMINISTRATORS (13)—QUALIFICATIONS OF ADMINIS-TRATOR—RESIDENCE—EVIDENCE—SUFFICIENCY. There is sufficient evidence of the residential qualification of a surviving partner to administer on partnership property where it is shown that, upon receipt of advice of the death of the deceased, the surviving partner immediately left Alaska for Seattle, shipped his household goods to Seattle and intended to make Seattle his home.

Appeal from a judgment of the superior court for King county, Allen, J., entered March 2, 1920, denying a petition for administration of partnership property, after a hearing on the merits. Reversed.

[1]Reported in 195 Pac. 1025.

*Arthur C. Bannon* and *Peters & Powell,* for appellant.

*Walter B. Allen,* for respondents.

MOUNT, J.—This appeal is from an order of the lower court denying the appellant the right to administer the partnership property belonging to appellant and his deceased brother. There are but two questions in the case: (1) Whether there was a partnership existing between the appellant and his deceased brother; (2) was the appellant disqualified by reason of nonresidence?

The facts are briefly as follows: The appellant and Louis Levy, during his lifetime, were full brothers. On January 14, 1919, Louis Levy died in the city of Seattle. At that time the appellant was in Anchorage, Alaska. He was notified of his brother's death and immediately left for Seattle. Pending his arrival, an agent in Seattle filed a petition praying that the appellant be appointed administrator of the partnership estate of the appellant and his deceased brother in Seattle. Upon the same day that Louis Levy died, Bernhard Levinson was appointed as special administrator to take charge of the property left by the deceased. Thereafter Mrs. Levy, the widow of the deceased, filed a petition praying that she and Mr. Levinson be appointed general administrators. They were so appointed.

Upon the hearing of the appellant for appointment as administrator of the partnership estate, the court denied the appointment. Upon the question of whether or not the property in possession of the deceased at the time of his death was partnership property, much evidence was introduced. This evidence consisted principally of letters written to and from the brothers during the lifetime of Mr. Levy. Upon hearing all

the evidence, the trial court was of the opinion that a large portion, if not all, of the property was partnership property, but that the interest of each partner in the property was not shown.

It appears that, prior to the year 1914, the two brothers had been in partnership in the general merchandise business at Fairbanks in Alaska. At that time there were written articles of co-partnership existing between the brothers. On July 15, 1914, Barney Simon, the appellant, sold his interest in the partnership business in Fairbanks to his brother, Louis Levy. Thereupon, Mr. Simon went to Anchorage and opened a general merchandise store on his own account while his brother continued the business at Fairbanks on his own account. There was no partnership existing at that time and the two businesses were operated separately. In the summer of 1918, Louis Levy shipped what goods he then had at Fairbanks to Seattle. The appellant shipped a large amount of goods from Anchorage to his brother in Seattle. All these goods were stored in Seattle. The letters passing between the two brothers show that they were jointly interested in the goods which were shipped both from Fairbanks and Anchorage to Seattle, and that these goods were shipped to Seattle for the purpose of opening and conducting a jobbing and retail mercantile business. The appellant at Anchorage was disposing of his stock and closing out his business there for the purpose of removing to Seattle and joining his brother Levy in the conduct of the Seattle business. He had shipped out from Anchorage to Seattle goods which he estimated at forty thousand dollars. He still had on hand at Anchorage goods which he estimated at eighteen thousand dollars which he was endeavoring to close out. It was agreed between the brothers that, shortly after the first of the year 1919, the appellant would come to

Seattle and assist his brother in conducting the business. He had also shipped a large quantity of his household goods from Anchorage to Seattle. Before he had closed out his business in Anchorage, he received the news of his brother's death, and immediately left Anchorage and came to Seattle.

The trial court, as we have above stated, was of the opinion that there was a co-partnership existing between the two brothers in the goods which had been shipped by each of them to Seattle at the time of the brother's death. We are satisfied upon the record that these goods were partnership goods and that the brothers had an agreement and understanding between themselves that they were to be used as partnership goods in the city of Seattle. Equal interests will be presumed without competent evidence to show different interests. 20 R. C. L. 1023.

The statute provides, at § 88, ch. 156 of the Laws of 1917, p. 664, as follows:

"The whole of the partnership property shall be administered by such executor or administrator, unless the surviving partner shall within five days from the filing of the inventory, or such further time as the court may allow, apply for the administration thereof. If he so apply, he shall be entitled to administer the partnership property if the court find him to be qualified."

It is apparent from this provision of the statute that the surviving partner is entitled to preference to administer upon the partnership estate, provided he files his application within time. Appellant did so file in this case. So that the remaining question is, was the appellant qualified?

Upon this question the appellant testified as follows:

"Q. At the time you shipped these goods from either Anchorage or Fairbanks——. A. Anchorage.

Q. You shipped some of your household goods, didn't you? A. Yes. Q. You sent your little girl down here, too, didn't you? A. Yes, sir. Q. She is here now, is she? A. Yes. Q. It was your intention to reside in this city? A. Yes, sir. Q. It is now your intention to reside here? A. Yes, sir. Q. How much of your household goods are there here? A. Oh, there is mostly everything I had there. Q. Where is that stored? A. Stored in the warehouses. Q. In the same warehouse these goods are? A. Same warehouse, yes.''

On cross-examination, he testified as follows:

''The statement that you made on oath in the former hearing that your home was in Fairbanks is true, is it not? A. No. Q. It is not true? A. My home was in Anchorage. Q. In Anchorage, I mean. A. Yes. Q. Your wife is in Anchorage? A. My wife is in Anchorage, yes.''

And on redirect examination, he testified as follows:

''Q. You have considerable merchandise up there yet, haven't you—at Anchorage? A. Yes. Q. Which you are endeavoring to sell out? A. Yes. Q. Your wife is in charge of it? A. Yes. Q. It is *bona fide* your intention to reside in this city? A. Yes, sir. Q. And bring your wife here later? A. Yes, sir. Q. As soon as the stock is sold out. A. Yes. Q. (The Court) What is the status with respect to that stock of goods—are you replenishing the stock? A. Yes. Q. That is the same stock of goods you spoke of heretofore? A. Yes, sir.''

We are satisfied that, under this evidence, the appellant was qualified to act as administrator of the partnership estate. The rule is stated in 19 C. J. 403, as follows:

''In the absence of any statutory regulation of the subject, no definite period of residence or specified length of time in a particular place is required to establish a domicile, but when coupled with the element of intent, any residence, however short, will be sufficient, even if it is but for a day. Although a long-

continued residence in one place is often regarded as
strong evidence or even a controlling circumstance in
determining the question of domicile, residence alone,
however long-continued, even for a period of years,
will not alone effect a change of domicile, in absence
of the requisite intention.''

In the case of *McCord v. Rosene*, 39 Wash. 1, 80 Pac.
793, we said:

''And it is well established, as a matter of law, that
a man's residence is not necessarily controlled by the
residence of his family. . . . It is also well estab-
lished that a man's domicile is determined by his ac-
tual residence, coupled with his intention to remain,
irrespective of the residence of his family.''

In the case of *In re Newman*, 124 Cal. 688, 57 Pac.
686, 45 L. R. A. 780, where the exact point now under
discussion was passed upon, the court said:

''It is contended that petitioner was not a resident
of California, and therefore was not entitled to let-
ters. She testified that she came to this state because
her husband left an estate here; that if he had not left
such estate she would not have come, but that being
here it was her intention to remain and make this her
future home. The court found in her favor. Her in-
tention constituted the material issue.''

So in this case, it clearly appears from the evidence,
without any dispute, that the appellant intended to re-
main in this state. He had shipped most of his house-
hold goods from Anchorage to Seattle. He had brought
his little girl down here and announced his intention
of coming to Seattle to conduct the business and de-
clared his intention of remaining here. His wife was
at Anchorage at that time, but she was left in posses-
sion of a small amount of goods which she was en-
deavoring to close out in order that the family might
move to Seattle. It is true, the appellant testified that
he was renewing his stock there but that, no doubt, was

for the purpose of more advantageously closing out the remnants of his depleted stock. We think it is plain, under the evidence, that he was, at the time of his application, a resident of this state and intended to remain here. We are of the opinion, therefore, that the trial court erred in refusing to appoint the appellant as administrator of the partnership estate.

The judgment is reversed and the cause remanded with directions to appoint the appellant administrator of the partnership estate.

HOLCOMB, MITCHELL, MAIN, and TOLMAN, JJ., concur.