[No. 16647.  Department Two.  October 19, 1921.]

THE STATE OF WASHINGTON, *on the Relation of Barney Simon, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Mitchell Gilliam, Judge, et al., Respondents.*[1]

APPEAL (492)—DECISION—REVERSAL AND REMAND—ORDER DIRECTING APPOINTMENT AS ADMINISTRATOR. The delay by the trial court in the substitution of an administrator directed by the appellate court in place of acting administrators until the latter shall have fully settled their accounts constitutes error.

EXECUTORS AND ADMINISTRATORS (165)—COMPENSATION—RATE AND AMOUNT. Where a substituted administrator finds nothing more to do than make distribution of the estate, he is entitled to receive only nominal compensation.

Application filed in the supreme court August 1, 1921, for writs of mandamus and prohibition to compel the superior court for King county, Gilliam, J., to appoint relator as administrator of an estate and to prohibit further proceedings under a pretended accounting and settlement by the acting administrators. Granted.

*Arthur C. Bannon* and *Peters & Powell*, for relator.

*Walter B. Allen* and *Chadwick, McMicken, Ramsey & Rupp*, for respondents.

HOVEY, J.—This is an application by the relator for writs of mandamus and prohibition directed to the superior court for King county. Upon a prior appeal in a case between the same parties, this court rendered judgment directing that the relator herein be appointed by the superior court as administrator of the partnership estate of Louis Levy, deceased, and Barney Simon. *Simon v. Levy*, 114 Wash. 556, 195 Pac. 1025.

[1]Reported in 201 Pac. 25.

The order of the superior court was not superseded and no stay was asked for, either from that court or this court, pending the appeal. In the meantime the administrators originally appointed had proceeded with the administration of the estate and now contend that the same is ready for distribution; and the trial court has declined to enter any order substituting the administrators until the administrators formerly appointed have fully settled their account, and has made his action dependent upon what the account develops.

In our opinion, the superior court was in error in adopting this method. The judgment of this court should have been followed without delay. *State ex rel. Smith v. Superior Court*, 71 Wash. 354, 128 Pac. 648; 4 C. J. 1233; *Galbreath v. Wallrich*, 48 Colo. 127, 109 Pac. 417.

The person vested by law with the conduct of an estate is primarily and of right the executor or the administrator, and the duty of discovering the assets of an estate and properly caring for the same is upon him. The present procedure of the superior court has deprived him of this opportunity.

The former opinion of this court made no reference to the action of the acting administrators pending the appeal, nor is it the intention at this time to disturb the same so far as they are regular and comply with the law.

The question of allowances for compensation of the administrator and his attorneys can be equitably adjusted by the superior court, and in case the new administrator should find nothing more to do than make distribution he should receive only nominal compensation.

It is our conclusion that the superior court forthwith appoint the relator as administrator of the partnership

estate of Louis Levy, deceased, and Barney Simon, and, upon his qualifying, that the superior court enter an order directing the former administrators to turn over to him all of the assets of the estate now in their hands, less such deductions for expenses of administration, including administrators' and counsel's fees, as shall be found proper.

The relator will recover costs from the respondents, Zelma Levy and Bernhard Levinson.

PARKER, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.