[No. 17236.    Department Two.    June 12, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Barney Simon, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Mitchell Gilliam, Judge, et al., Respondents.*[1]

PROHIBITION (26)—TO COURTS—PROCEEDINGS AFTER REMAND ON APPEAL—ORDERS IN PROBATE—ADEQUATE REMEDY AT LAW. There is an adequate remedy by appeal and prohibition will not lie to restrain the probate court from hearing an account of a partnership estate, by acting administrators wrongfully appointed, where the same was pursuant to an order of the supreme court closing the account and ordering the property delivered to the surviving partner as administrator.

PARTNERSHIP (76) — SURVIVING PARTNER AS ADMINISTRATOR—RIGHTS. An order discharging administrators of a partnership estate, wrongfully appointed, and ordering the delivery of all property to the surviving partner as administrator, less such allowances as the probate court may deem proper, requires an accounting and settlement with the former administrators.

Application filed in the supreme court April 13, 1922, for a writ of mandate and prohibition, directed to the superior court for King county, Gilliam, J., to prohibit the hearing of an account in probate proceedings, and to require former administrators to turn over to the relator the assets of an estate.  Denied.

*Peters & Powell* and *Arthur C. Bannon,* for relator.

*Walter B. Allen* and *Chadwick, McMicken, Ramsey & Rupp,* for respondents.

[1]Reported in 207 Pac. 960.

MACKINTOSH, J.—Zelma Levy and Bernhard Levinson, two of the respondents here, were appointed administrators of the partnership estate of Louis Levy, deceased, and Barney Simon, the relator. Thereafter this court, in *Simon v. Levy,* 114 Wash. 556, 195 Pac. 1025, held that they were improperly appointed, and that Barney Simon was entitled to administer the estate. On the appeal no supersedeas bond was filed, and Levy and Levinson proceeded with the administration and sold the partnership property, and thereafter the matter was again brought to this court in *State ex rel. Simon v. Superior Court,* 117 Wash. 376, 201 Pac. 25, where the superior court was directed to enter an order that the former administrators (Levy and Levinson) "turn over to him (Simon) all of the assets of the estate now in their hands, less such deductions for expenses of administration, including administrators' and counsel's fees, as shall be found proper. . . . The former opinion of this court made no reference to the action of the acting administrators pending the appeal, nor is it the intention at this time to disturb the same so far as they are regular and comply with the law." In compliance with that order, the judge of the superior court, sitting in probate, entered an order appointing Simon administrator, and for the purpose of determining what should be turned over to him by the former administrators, proceeded to hear and determine their account. The relator then applied to this court for a writ restraining the lower court from hearing the account, and requiring the former administrators to turn over to the relator the assets of the estate forthwith.

An examination of the record convinces us that the probate court was proceeding in conformity with our order, and that the matters he was considering were

necessary to determine in order to arrive at an account of the partnership estate in the hands of Levy and Levinson to be turned over to the relator here. If any items were improperly allowed by the court, the relator has an adequate and proper remedy in the ordinary course of appeal, and all he is entitled to receive is the amount of the estate, less such allowances, etc., as the trial court may deem proper. Of course, the order turning over to him the estate will not be in any sense a final determination of all those matters, nor, in the event the relator is dissatisfied or appeals, will it amount to a closing of the estate, leaving nothing for the relator to do but to make distribution. It is merely a settlement of the accounts of the administrators whom this court has found were improperly appointed, and terminates their relations to the estate as administrators.

For these reasons the writ will be denied.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.