[No. 17820. Department Two. May 25, 1923.]

# In the Matter of the Estate of Louis Levy, Deceased.[1]

APPEAL (224)—EXECUTORS AND ADMINISTRATORS (156)—EFFECT OF APPEAL — JURISDICTION OF COURT — SETTLEMENT AFTER REVERSAL. Where an order appointing executors was not superseded pending appeal therefrom, the executors could proceed with the administration until ended by reversal, when the court was fully empowered to settle their accounts and determine the disposition of the property and their compensation.

SAME (134, 157)—SALES—INADEQUACY OF PRICE—APPRAISEMENT. An executor's sale of a stock of goods, valued by the court at $70,000, for the purpose of a sale to the surviving partner, for $1,365 less than the estimate after the surviving partner's failure to buy it, is not for that reason void, or ground for charging the executors with the full amount, where the over-valuation was due to a mistake in the inventory and the appraised valuation was only $52,532; since the court's valuation was not beyond revision.

SAME (160, 165)—SETTLEMENT OF ACCOUNT—COMPENSATION—COUNSEL FEES—AMOUNT. The fees of executors and their attorneys involving a matter of discretion, an allowance of $3,000 to each will not be disturbed on appeal, considering all that was done involving the disposal of a retail partnership business, sold for $68,635.

SAME (65, 67)—CLAIMS—LIABILITY OF PARTNERSHIP ESTATE TO PRIVATE ESTATE FOR SERVICES RENDERED. Under the settlement of a partnership estate, the court has power to allow a claim in favor of deceased's private estate, for advances by him to the partnership during his lifetime, and also for services rendered by the deceased to the partnership, where the controversy arose in the matter of the partnership estate and the surviving partner had full opportunity to resist the allowance of the claim.

PARTNERSHIP (25)—MUTUAL RIGHTS—LIABILITY FOR SERVICES—IMPLIED CONTRACT. A partner is entitled to compensation for services rendered to the partnership, where he had the entire management of and was devoting his whole time to the partnership business, and his copartner's absence therefrom on his own business was such as to support the conclusion of an implied contract therefor, although there was no express agreement.

APPEAL (388)—PARTIES ENTITLED TO ALLEGE ERROR—RESPONDENTS. Where the record does not show a cross appeal, the supreme court is not called upon to notice respondents' claim of error in the amount of their recovery.

[1] Reported in 215 Pac. 811.

Appeal from an order of the superior court for King county, Gilliam, J., entered September 18, 1922, settling the final accounts of administrators, after a hearing before the court. Affirmed.

*Arthur C. Bannon,* for appellant.

*Walter B. Allen* and *Chadwick, McMicken, Ramsey & Rupp,* for respondents.

PARKER, J.—This is an appeal by Barney Simon, as administrator of the estate of the copartnership consisting of himself and Louis Levy, deceased, from an order of the superior court for King county settling the final accounts of Bernhard Levinson and Zelma Levy, as former administrators of that partnership estate.

This is another chapter in the history of a somewhat involved controversy which has found its way into this court on several previous occasions. *Simon v. Levy,* 114 Wash. 556, 195 Pac. 1025; *State ex rel. Simon v. Superior Court,* 117 Wash. 376, 201 Pac. 25; *State ex rel. Simon v. Superior Court,* 120 Wash. 398, 207 Pac. 960. It seems necessary, however, that we briefly review the facts leading up to the making of the order from which this appeal is prosecuted. On January 14, 1919, Louis Levy died at Seattle, where he was then residing, at which time he and Barney Simon were copartners and as such the owners of a large stock of merchandise then situated in Seattle; Levy's partnership interest consisting of the larger part of the estate left by him. Simon was then, and had been for a long time, in Alaska. On February 18, 1920, Bernhard Levinson and Zelma Levy, the widow of Levy, were, by the superior court of King county, appointed administrators of the estate of Levy, including the partnership estate of Levy and Simon. At that time Simon

contested in the superior court the appointment of
Levinson and Mrs. Levy as administrators of the part-
nership estate, claiming to be entitled to such appoint-
ment himself as the surviving partner. His claim in
that behalf was by the superior court overruled upon
the ground of his nonresidence; that is, upon the
ground that he was a resident of Alaska and not of the
state of Washington. Simon thereupon appealed to
this court from the order appointing Levinson and
Mrs. Levy administrators of the partnership estate.
He did not, however, in any manner seek to supersede
the order appointing Levinson and Mrs. Levy as ad-
ministrators of the partnership estate, so they took
possession of the entire partnership stock of goods
and proceeded with the administration of both the
partnership estate and the private estate left by Levy.
The property of the whole estate was duly inventoried
and appraised; the partnership property being valued
by the appraisers at $52,532.35.

On March 10, 1921, Levinson and Mrs. Levy, as ad-
ministrators, claiming that the administration of the
partnership estate was then completed, filed their so-
called "final report of the administrators concerning
the partnership estate," and prayed for settlement
thereof. Thereafter on November 23, 1921, this court
having reversed the order appointing Levinson and
Mrs. Levy administrators of the partnership estate
and directed the appointment of Simon as administra-
tor of the partnership estate; *Simon v. Levy*, 114
Wash. 556, 195 Pac. 1025; and such reversal and direc-
tion having been duly evidenced by filing the remittitur
from this court with the clerk of the superior court,
that court entered its order in compliance therewith
appointing Barney Simon administrator of the part-
nership estate, and setting down for final hearing at

a future date the matter of the settlement of the report
and account of Levinson and Mrs. Levy as former ad-
ministrators of the partnership estate, looking to the
determination of what property they should turn over
to Barney Simon as the new administrator of the part-
nership estate. Levinson and Mrs. Levy thereafter
filed a short supplemental report as administrators of
the partnership estate. Thereafter their reports and
accounts came regularly on for hearing in the superior
court, resulting in the making of the order settling the
same and directing them to turn over to Simon, as the
new administrator of the partnership estate, moneys
in their hands belonging thereto in the sum of $63,-
376.30; determining that to be the whole of the partner-
ship estate remaining in their hands after making to
them allowances for compensation and determining
certain other matters. It is from this order that this
appeal is prosecuted by Barney Simon. Other facts
will be noticed as may become necessary in our dis-
cussion of the several contentions made by counsel.

Counsel for appellant Simon makes one general con-
tention in his behalf which is apparently sought to be
made applicable to his several contentions with refer-
ence to specific items of allowance made by the court
in favor of respondents Levinson and Mrs. Levy as
the former administrators of the partnership estate.
It is, in substance, that the trial court had no authority
to make any of such allowances upon the settlement
of their report and account of their doings as partner-
ship administrators. We are to remember that, when
Simon appealed from the order of the superior court
appointing Levinson and Mrs. Levy administrators of
the partnership estate, that order was not superseded;
so we think it plan that Levinson and Mrs. Levy were
fully authorized to proceed with the administration of

the partnership estate as though no appeal had been taken from the order appointing them, until that order was finally reversed and such reversal certified to the superior court. Our decision in *State ex rel. Simon v. Superior Court,* 120 Wash. 398, 207 Pac. 960, we think, sanctions such course on the part of Levinson and Mrs. Levy as such administrators of the partnership estate. So it seems to us to follow that, when their administration of the estate comes to an end, whether by the appointment of a successor, or by final settlement and closing of the estate, the court was fully empowered to settle their accounts and determine what property in their hands as such administrators should be turned over either to their successor or to those who might be entitled to receive as heirs, and in either of such events determine what credits they are entitled to, whether by way of their compensation on account of administration expenditures, or on account of claims which they may have properly allowed or settled during the course of their administration of the partnership estate.

It is contended in behalf of appellant that the trial court erred in charging respondents, as former administrators of the partnership estate, with only $68,635 instead of $70,000, as the total value of the partnership property which was sold and disposed of by them. It appears that, by order of court, the partnership property, consisting wholly of the stock of merchandise in question, was ordered sold by the court. The respondents accordingly offered the same for sale, receiving bids therefor. Among other bids was one made by Mrs. Levy herself, offering $70,000 for the stock. Thereupon Simon, as the surviving partner, objected to the consideration of Mrs. Levy's bid because she was one of the administrators, and other bids, and induced

the court to adjudge the value of the stock to be $70,000 and award to him the privilege of purchasing the interest of Levy, his deceased partner, upon that valuation basis, under the provisions of § 1459, Rem. Comp. Stat. [P. C. § 9971]. Simon, however, neglected to make such purchase as the surviving partner. Thereafter respondents sold the stock for $68,635, being $1,365 less than the $70,000 valuation fixed by the court. Some contention is made in this connection that Mrs. Levy in fact purchased the stock for $70,000 and thereafter sold it as a private individual for $68,635.

Counsel for appellant seems to contend that the sale to Mrs. Levy, if any such sale was made, was void because of her being administratrix when such sale was made, and at the same time contends that she and her co-administrator should be bound to account for the property as of $70,000 in value because of her bid and because of the court having fixed that value. The lesser price at which the property was ultimately sold and money received therefor by the administrators, to wit, $68,635, was because of a mistake made by the appraisers, in that a certain lot of shoes appraised at a certain price per pair were short in quantity to the extent of $1,365 worth, which was not discovered until the final sale of the property. That such mistake was in fact made by a transposing of the lot number for the quantity number, seems to be well supported by the evidence, including the testimony of the appraisers; so that it is, at all events, apparent that in the charging of Levinson and Mrs. Levy as administrators the sum of $68,635, the amount they ultimately actually received for the property, the court was thereby requiring of them to account therefor in a sum very much in excess of its total appraised value, which, we have seen, was only $52,532.35. The court's $70,000 valuation of the

stock was not beyond revision by it. We think, under the circumstances, the court did not err in refusing to charge Levinson and Mrs. Levy, as administrators of the partnership estate, with a greater total sum than $68,635. Had they otherwise in some irregular manner disposed of the stock of goods, and there were no evidence of its actual value other than the appraisement, such value would ordinarily govern as to the amount for which they would be accountable to the partnership estate.

It is contended that the trial court erred in awarding Levinson and Mrs. Levy $3,000 for their services as administrators of the partnership estate, and in allowing attorney's fees incurred by them in connection with the administration of the partnership estate in the sum of $3,000. Under § 1528, Rem. Comp. Stat. [P. C. § 9790], this involves a question of discretion upon the part of the trial court. Considering the total value of the partnership estate and what was done and required to be done by these administrators in its administration, which we deem it unnecessary to set out here in detail, we think it sufficient to say that we are unable to determine that the services performed by the administrators and their attorneys do not warrant such allowances. We do not lose sight of the fact that the attorneys for Levinson and Mrs. Levy did expend some energy in litigation looking to their appointment as administrators and the retention of them in their office as administrators; but, putting aside that service rendered by the attorneys, we still do not see our way clear to interfere with the award of compensation made by the superior court, in view of the fact that the administration of the partnership estate was apparently almost wholly completed by them while they were in good faith proceeding under an unreversed and un-

superseded order of the superior court appointing them administrators of the partnership estate.

Contention is made in behalf of appellant that the trial court erred in allowing and settling a claim made by Levinson and Mrs. Levy as administrators of the private estate of Louis Levy, deceased, against the partnership estate for moneys advanced by him to the partnership during his lifetime. One objection to such allowance is that the court was not authorized in the settlement of their accounts as administrators of the partnership estate to determine the question of the allowance of such claim. We cannot agree with this contention, in view of the fact that this was a question which could be settled in the administration of the partnership estate; and we see no reason why it might not be settled at the time it was so adjudicated by the court, as well as thereafter. It was, at all events, a controversy that had arisen, or necessarily would arise, between the administrators of Levy's private estate and the administrators of his partnership estate. No contention is here made that Simon did not in the hearing upon this question have all the opportunity of resisting the allowance of this claim that could have been accorded to him had the question come up in some later proceeding. Another objection to this claim is that the evidence does not warrant its allowance. We think it sufficient to say that we do not see our way clear to interfere with the conclusion reached by the trial court with reference to this claim, in so far as the facts bearing upon its allowance are concerned.

It is contended in behalf of appellant Simon that the trial court erred in allowing a credit to the estate of Levy, as against the partnership estate, of the sum of $1,300 for claimed compensation for services rendered

by him to the partnership before his death. This, like the question last above noticed, presents merely a question of the allowance of a claim in behalf of Levy's personal estate as against the partnership estate.

In addition to the contention that this question was not properly determinable at the time of the settlement of the accounts of Levinson and Mrs. Levy, it is contended that such claim is not allowable because of the general rule that one partner cannot have compensation from the partnership of which he is a member for services rendered to such partnership; citing *Boothe v. Summit Coal Mining Co.*, 72 Wash. 679, 131 Pac. 252. It is conceded that such is the general rule; but that decision also recognizes that there are exceptions to the rule. When one partner has the entire management and control and is devoting his whole time to the partnership business, and the other renders no service in the business and is entirely and constantly away from the business tending to other business of his own, such conditions may give rise to an implied contract that the one giving his whole time and attention to the business shall be compensated therefor. The following authorities recognize such exception: 1 Rowley, Modern Law of Partnership, § 354; *Rains v. Weiler,* 101 Kan. 294, 166 Pac. 235, L. R. A. 1917F 571; *Morris v. Griffin,* 83 Iowa 327, 49 N. W. 80; *Mondamin Bank v. Burke,* 165 Iowa 711, 147 N. W. 148; *Mattingly v. Stone's Adm'r.,* 18 Ky. Law 187, 35 S. W. 921; *Hoag v. Alderman,* 184 Mass. 217, 68 N. E. 199; *Emerson v. Durand,* 64 Wis. 111, 24 N. W. 129, 54 Am. Rep. 593. We merely cite these cases to show that such an exception has been often recognized by the courts.

So far as the facts supporting this claim of compensation are concerned, we deem it sufficient to say that the exclusive management and control of the part-

nership business being performed by Levy, and Simon's absence therefrom on his own business were such as to support the trial court's conclusion in its allowance of this claim against the partnership estate, though there was no express agreement therefor. Some other contentions are made touching the allowance of a few other comparatively small items. We think it sufficient to say that we do not see our way clear to disturb the trial court's rulings allowing them.

Counsel for respondents Levinson and Mrs. Levy make some argument upon the assumption that they have also appealed from the trial court's rulings in its refusal to allow them additional credits upon certain items. We do not find in the record brought here any evidence whatever of their having appealed from the superior court to this court, except the assumption in their brief, and very little argument touching each of some five or six claimed additional credits they seek to have allowed. We, therefore, do not feel called upon to here notice any of their contentions in support of their assumed appeal further than to say that, so far as the record before us discloses, we are unable to see that the court has committed any error prejudicial to them.

The order of the superior court appealed from by Barney Simon, as the new administrator of the partnership estate, is in all things affirmed.

MAIN, C. J., FULLERTON, and TOLMAN, JJ., concur.