[No. 22138. Department Two. April 7, 1930.]

*In the Matter of the Estate of* JOHN B. HART, *Deceased.*

LEILA M. HART, *Appellant,* v. WILLIAM B. MORSE, *et al.,* *Respondents.*[1]

[1]Reported in 286 Pac. 650.

*Arthur E. Griffin,* for appellant.
*McClure & McClure,* for respondents.

HOLCOMB, J.—Two previous appeals have been before this court to determine important questions and valuable interests involved in this estate. *In re Hart's Estate,* 149 Wash. 600, 271 Pac. 886; *id.,* 150 Wash. 482, 273 Pac. 735.

Those decisions may be examined for elaborations as to the complicated nature of the title to much valuable property, the difficult and somewhat delicate questions that arose between the several interests under the will, the considerable value of the estate and the serious contentions as to the disposition of the estate under the will.

Upon the hearing of the final account and an application to the lower court to fix, and allow out of the estate, fees for the attorney of the executors and fees for the executors, the trial court allowed the attorney for the executors $10,000, and some other moderate allowances for expenses incurred, and fixed the compensation of the executors at $3,000 each, or a total for the executors of $6,000.

The surviving spouse appeals from these allowances, contending that they are excessive and exorbitant.

The record discloses that Judge Griffin originally represented the estate, but withdrew in order to continue as personal attorney for Mrs. Hart. The sisters employed Mr. F. C. Kapp as their attorney, who represented them throughout the former litigation. The executors desired to secure independent and unbiased counsel and, after investigation, employed Mr. Walter McClure.

The business interests of Mr. Hart during his life-

time had been quite extensive. General claims filed against his estate aggregated $43,977.41, exclusive of a mortgage for $25,000 on an apartment building in Seattle.

The executors not only employed Mr. McClure as their attorney to represent them in the administration of the estate and referred almost everything to him, but also employed collectors to collect the rental from several rental properties belonging to the estate, who deducted from the rentals collected certain commissions and remitted the balances. The executors also employed a firm of expert accountants to examine all the old papers and accounts left by Mr. Hart, keep the accounts of the estate, and prepare the final account. Their services seem to have been quite necessary, were acted upon by the trial court and the parties, their charges of $447.66 for fees and expenses declared to be reasonable, and allowed.

Rem. Comp. Stat., § 1525, reads:

"Every executor and administrator shall be chargeable in his accounts with the whole estate of the deceased which may come into his possession. He shall not be responsible for loss or decrease or destruction of any of the property or effects of the estate, without his fault."

Section 1526 reads:

"He shall be allowed all necessary expenses in the care, management and settlement of the estate."

Section 1528 provides that, in all cases where it is necessary for an executor to employ an attorney, such attorney shall be allowed such compensation as to the court shall seem just and reasonable.

The executors are therefore chargeable with all the estate inventoried and also with all of the gross income of the estate during administration. They are chargeable with either real or personal property

against which an incumbrance exists, without regard to the incumbrance. It is elementary that they are accountable to the creditors for the debts due from the estate.

Consequently, the record in this case incontrovertibly shows that the real property (less the $58,860 stricken from the inventory as the separate property of Mrs. Hart) is of the value of $149,890; the personal property of the value of $30,862.21. The gross cash receipts coming into the hands of the executors, after deductions for duplications in the accounts, aggregate $90,068.46, making a total of $276,820.67.

Inasmuch as by far the greater part of the responsibility for the conduct of the administration devolved upon the attorney, rather than the executors, the serious nature of the questions to which we have previously referred, the value of the estate to all concerned, the time devoted by Mr. McClure, in performing his duties very ably and impartially as attorney for the executors, and the great industry required of him, upon the evidence in the record and our familiarity with the former litigation, all compel us to say that the evidence is overwhelming in favor of the allowance of $10,000 as attorney's fees for Mr. McClure.

Every such case must stand upon its own footing and exact parallels are seldom found. Our general rule is that this court will not interfere with the trial court's discretion, nor disturb its finding, unless there are facts and circumstances clearly showing an abuse of such discretion. *In re Andrew's Estate,* 123 Wash. 546, 212 Pac. 1073; *In re Levy's Estate,* 125 Wash. 240, 215 Pac. 811.

Our cases cited by appellant are cases involving much less arduous or skillful professional labors on the part of the attorney, and generally much less valuable and complicated estates.

On the other hand, the evidence and circumstances disclosed by the record are as convincing to us that the greater part of the duties of the executors were performed by their attorney and by accountants and collectors. The fees, expenses and commissions paid the accountants and rental collectors amounted to something more than $3,000. To this extent their own duties were performed and compensated out of the estate. While the legal responsibility was theirs, the actual responsibility was not.

Upon the whole record, therefore, we conclude an allowance of $1,500 to each of the executors is ample compensation to them.

The allowance to the attorney of $10,000 is, therefore, affirmed, and the allowance to the executors is reduced to $1,500 each, or a total of $3,000.

As modified, the order and judgment are affirmed.

Appellant will recover her costs on appeal.

MITCHELL, C. J., FULLERTON, and MAIN, JJ., concur.

FRENCH, J., dissents.