[No. 25820. Department One. December 12, 1935.]

*In the Matter of the Estate of* E. J. BRADLEY, *Deceased.*

ELEANOR GALE, *Appellant,* v. JOHN C. GRAHAM, *as Administrator, Respondent.*[1]

[1]Reported in 52 P. (2d) 333.

*Hogan & Adams,* for appellant.

*T. H. McKay,* for respondent.

MITCHELL, J.—E. J. Bradley and Anna M. Bradley were husband and wife and acquired certain community property. He was not interested in any other kind of property. He died testate in July, 1934, leaving his widow surviving as his sole heir at law and the sole beneficiary under his will. She was nominated as executrix of his nonintervention will, was appointed as such by the superior court, qualified, and thereafter acted as such until the date of her death on February 1, 1935.

Mrs. Bradley left a will in which she named John C. Graham as executor, and, upon her will being admitted to probate in common form, he was appointed executor thereof, and is acting as such. He was thereupon appointed administrator *de bonis non* with the will annexed of the estate of E. J. Bradley, deceased,

and shortly thereafter filed a first and final account, together with a petition for distribution of the estate.

Mrs. Bradley died without issue, her nearest of kin being three nieces, one of them being Eleanor Gale, who, by the terms of Mrs. Bradley's will, was given only a comparatively small legacy of one thousand dollars.

Prior to the hearing of the final account and petition for distribution in the E. J. Bradley estate, Eleanor Gale instituted a contest of the will of Mrs. Bradley, which contest was and still is, pending; and as an interested party, she appeared and took a part in the hearing on the final account and petition for distribution in the E. J. Bradley estate.

Upon that hearing, it appearing that T. H. McKay had acted as attorney for Mrs. Bradley as executrix of the estate of her deceased husband, and had also acted as attorney for John C. Graham, administrator *de bonis non* with the will annexed of the E. J. Bradley estate, expenses and allowances of twenty-five hundred dollars and fifteen hundred dollars, respectively, were ordered to be paid for those services, and an allowance of fifteen hundred dollars was ordered to be paid for the services of the administrator *de bonis non.*

The final account was approved and the property of the estate, subject to the payment of expenses and Federal estate and state inheritance taxes, was distributed to John C. Graham as executor of the estate of Anna M. Bradley, deceased.

Eleanor Gale has appealed from those provisions of the final order fixing the amounts to be paid for the services of T. H. McKay as attorney and fixing the amount of compensation to the administrator *de bonis non,* claiming that they are in all respects unduly excessive.

■ The respondent objects to consideration of the appeal, claiming Eleanor Gale is not an interested party so as to entitle her to an appeal. This is not a case, however, in which the administrator represents her. They are adversaries. She is an interested party, whether treated as a next of kin or as a legatee under the will of Mrs. Bradley, to whose estate the property is distributed.

■ Further objection is made to any consideration of the appeal because the notice of appeal is not directed to T. H. McKay individually, as a party to the action, and because the appeal bond does not include him as an obligee. However, he is not a party to the action in that sense. An allowance for attorney's fees is a part of the expenses of the administration, and is embraced within the rights of the representative of the estate as a party to the action, and in this case the notice of appeal is directed "To John C. Graham, administrator *de bonis non* in the above estate, and T. H. McKay, his attorney," while the appeal bond runs to John C. Graham, administrator, etc. This is sufficient to present on appeal the question of the allowance of expense for attorney's fees and administrator's fees.

■ Next, it is claimed that the appellant cannot be treated as an aggrieved party, nor entitled to be heard on her present assignments, because she did not file any written objections, as required by law, to the allowances now complained of prior to the hearing of the final account. No such contention was made at the hearing on the final account, at which time the trial court allowed the appellant to take part as an interested party, without any objection whatever by the administrator.

■ Besides, the report did not specify any par-

ticular amount or amounts to cover expense fees of attorney and administrator, but simply requested that allowances be made therefor. There was nothing in that report to which the appellant could file written objections, because she knew it was the duty of the court to make some allowances for those purposes. As soon, however, as amounts were discussed and attempted to be fixed at the hearing, she promptly interposed objections, as shown by the trial record.

While the total community estate was appraised at approximately ninety thousand dollars, it was as near liquid as possible, consisting of cash, $13,522; U. S. bonds, $69,381.55; Dominion of Canada bonds, $3,322.50; and the remainder of the property consisting of personal property, already in possession, the care of which caused no expense or trouble.

Only one creditor's claim was presented, and that on the part of a relative of Mrs. Bradley for services claimed to have been rendered to Mr. and Mrs. Bradley, which claim was promptly compromised for five hundred dollars, with approval of the court, and was paid.

It is needless to go more into details. There was very little work about this estate except of the most formal and perfunctory character on the part of the representative of the estate, or the attorney— not a complication in it. The same attorney acted for the estate, through the administration of both representatives of the estate. Two thousand dollars for the expenses for attorney's fees while Mrs. Bradley acted as executrix and five hundred dollars for the expenses for attorney's fees for the administrator *de bonis non* are clearly sufficient, in our opinion, within the rule of reasonable allowances.

The administrator *de bonis non* in this case

is a new, succeeding administrator, finding nothing much to do in the estate other than to make distribution of it, and is entitled to recover only nominal compensation, according to the holding in *State ex rel. Simon v. Superior Court,* 117 Wash. 376, 201 Pac. 25, and, in our opinion, five hundred dollars is sufficient compensation here. Any amount above that would be unreasonably excessive.

Reversed and remanded to the superior court, with directions to modify the judgment according to the views herein expressed.

TOLMAN, HOLCOMB, and GERAGHTY, JJ., concur.

STEINERT, J. (dissenting)—I dissent from that part of the opinion which decreases the attorney's fees from four thousand to twenty-five hundred dollars. In view of the size and importance of this estate, I think that the court's allowances to the attorney were reasonable and fair.